PHILIP M. MILLER (SBN 87877)
KIMBERLY A. HANCOCK (SBN 205567)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone:  (415) 882-7900
Facsimile:   (415) 882-9287
pmiller@sjlawcorp.com
khancock@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND; MIKE GARCIA, Trustee; ROD BASHIR, Trustee; CHARLES RIDGELL, Trustee; SHARLEEN STEWART, Trustee; STEVEN FORD, Trustee; EDWARD J. MANKO, Trustee; JOHN J. SHERIDAN, Trustee; LARRY T. SMITH, Trustee; FRANK A. MAXSON, Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANQUILITY, INC., a California corporation doing business as SAN MIGUEL VILLA,<br><br>Defendant. | CASE NO.:  10-02647 DMR<br><br>STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT |

IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment shall be entered in the within action in favor of the Plaintiffs SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, et al. ("Plaintiffs" or "Pension Fund"), and against Defendant TRANQUILITY, INC., a California corporation doing business as SAN MIGUEL VILLA, and/or alter egos and/or successor entities ("Defendant"), as follows:

1.	Defendant entered into valid Collective Bargaining Agreements with the Health Care Workers Union Local 250, SEIU, AFL-CIO and SEIU, United Healthcare-West, CTW, CLC

(hereinafter "Bargaining Agreements").  The Bargaining Agreement with SEIU, United Healthcare-West, CTW, CLC continues in full force and effect to the present time.

2. Defendant has become indebted to the Pension Fund as follows:

| Audit I (2005 – 2006) | Contributions | $30,481.10 | |
|---|---|---:|---:|
| | 20% Liquidated Damages | 6,096.22 | |
| | Interest (to 5/1/11) | 14,425.31 | |
| | Audit testing fee | 2,936.33 | |
| *Audit I Subtotal* | | | $53,938.96 |
| Audit II (2007 – 2010) | Contributions | $43,492.36 | |
| | 20% Liquidated Damages | 1,980.47 | |
| | Interest (to 5/1/11) | 10,562.45 | |
| | Audit testing fee | 7,603.40 | |
| | Overpayments | (780.24) | |
| *Audit II Subtotal* | | | $62,858.44 |
| *Attorney's Fees and Costs* | | | $12,271.50 |
| **TOTAL** | | | **$129,068.90** |

3. Defendant shall ***conditionally*** pay the amount of **$110,452.48**, representing the total amount due, less liquidated damages and testing fees in the sum of $18,616.42. *This waiver is expressly conditioned upon timely compliance with all of the terms of this Stipulation,* as follows:

(i) Beginning on June 1, 2011, and on or before the 1st days of each month thereafter, for a period of 6 months, through November 1, 2011, Defendant shall pay to Plaintiffs the amount of **$18,408.75** per month.

(ii) Payments shall be applied first to unpaid interest, then to attorney's fees and costs and then to unpaid principal.  Any delinquent payment shall bear interest from at the rate of 10% per annum.

(iv) Checks shall be made payable to the **SEIU National Industry Pension Fund**, and delivered on or before each due date to Kimberly Hancock at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs.

4. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written

demand to Defendant to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check.* In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

5. Beginning with contributions due for hours worked by Defendant's employees during the month of June 2011, due on July 15, 2011 and delinquent if not received by the Pension Fund <u>before the last business day of the month</u>, and for every month thereafter for a period of twelve months, or until June 2012 (for hours worked in May 2012), Defendant shall remain current in contributions due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Agreement and Declaration of Trust as amended. Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 7 shall apply.

6. Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶ 7 shall apply. Any such unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Pension Fund for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

7. In the event that Defendant fails to make any payment required under ¶ 3 above, or fails to remain current in any contributions under ¶ 5 above, then:

(a) The entire amount of **$129,068.90**, plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20%

liquidated damages and 10% per annum interest on those unpaid contributions until paid, shall be immediately due, together with any additional attorneys' fees and costs incurred during the term of this Stipulation.

(b)     A Writ of Execution may be obtained against Defendant without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default.

(c)     Defendant waives any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant.

(d)     Defendant shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation, whether or not a default occurs herein.

11.     Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

12.     In the event of the filing of a bankruptcy petition by the Defendant, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

13.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

1  Stipulation.

2      14.    This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

    15.    This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

    16.    This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

    17.    Defendant represents and warrants that it has been represented by counsel of his own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of and represent that it enters into this Stipulation voluntarily and without duress.

    18.    Provided the sums due under this Stipulation, including all amounts detailed in paragraph 2, all amounts due pursuant to paragraph 5 and all additional reasonable attorneys' fees, have been timely paid in full, Plaintiffs hereby forever release and discharge all claims against Defendant based upon or arising out of the claims for delinquent contributions, interest, attorneys' fees, auditors' fees, costs, and liquidated damages made in this action and all demands relating thereto (the "Released Matters".) Thus, for the purpose of implementing a full and complete release, subject to the reservation of rights in paragraphs 6 and 14 herein, Plaintiffs expressly acknowledge this Stipulation is intended to include in its effect all of the claims that were or could have been raised concerning the Released Matters, and this Stipulation contemplates extinguishment of all such claims that were or could have been raised concerning the Released Matters.

/ / /

19. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

| | | |
|---|---|---|
| Dated: May 13, 2011 | | TRANQUILITY, INC. doing business as San Miguel Villa |
| | By: | /S/ |
| | | Velda Pierce, Owner and CEO |
| Dated May 16, 2011 | | SALTZMAN & JOHNSON LAW CORPORATION |
| | By: | /S/ |
| | | Kimberly A. Hancock, Attorneys for Plaintiffs |

APPROVED AS TO FORM.

| | | |
|---|---|---|
| Dated: May 13, 2011 | | GORDON AND REES, LLP |
| | By: | /S/ |
| | | Daniel T. Berkley, Attorneys for Defendant Tranquility, Inc. dba San Miguel Villa |

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: May ____19__, 2011 _____
 DONNA M. RYU
 United States Magistrate Judge